# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT
### No. 21-2936

---

Thomas John Styczinski, Tom "The Coin Guy", LLC, Treasure Island Coins, Inc., and Numismatist United Legal Defense,

                                        Plaintiffs–Appellants,

                    v.

Grace Arnold, in her official capacity as Commissioner of the Minnesota Department of Commerce,

                                        Defendant–Respondent.

---

## APPELLANTS' MOTION FOR ATTORNEYS' FEES AND EXPENSES

---

## MOTION

Appellants Thomas John Styczinski, Tom "The Coin Guy", LLC, Treasure Island Coins, Inc., and Numismatist United Legal Defense ("Appellant") move for an Order awarding attorney fees and costs under Rules 27(a) and 39(a) of the Federal Rules of Civil Appellate Procedure and the United States Cour of Appeals for the Eighth Circuit Local Rule 47C(a), and 42 U.S.C. §§ 1983 and 1988.

### A.    Summary of Appellants' Fee Application.

Appellants were represented by Mohrman, Kaardal & Erickson, P.A ("MKE").   This motion is supported by the Declaration of Erick G. Kaardal ("Kaaardal Declaration").  The Kaardal Declaration shows the following:

| Description | Reasonable Hours After Exercise of Billing Judgment | Attorney Fee Charges Multiplying the Reasonable Hours After Exercise of Billing Judgment by Prevailing Market Rates |
|---|---|---|
| Hours for work on the appeal | 293.50 | |
| Attorney Fees for Work on the Appeal multiplying hours by prevailing market rates | | $124,630.00 |
| Hours for work on this motion | 23.90 | |
| Attorney Fees for Preparing this motion | | $9,827.50 |
| Non- Taxable Costs | | $1,591.20 |
| Total | | ***$136,048.70*** |

The prevailing market rate for attorney's fees range from $625 for attorney Erick G. Kaardal and $260 for paralegals John E. Gryzbek and Jordan Reilly. Appellants, through their attorneys, have also filed a separate taxable bill of costs requesting recovery of $797.80.[1]  Appellants also request this Court grant their motion for additional nontaxable costs in the amount of $1,591.20. *Erick G.*

---

[1] Pursuant to Fed. R. App. P. 39, Appellants have also filed a separate Bill of Costs seeking recovery of $797.80.  This amount is set forth in the separately filed Bill of Costs is not part of this Motion.

2

*Kaardal Declaration ¶¶36-39 and Exhibits 18 and 19 attached to the Kaardal Declaration.*

As set forth below, Appellants completely prevailed on the claims set forth in Complaint. Appellants sought to have the extraterritorial provisions of the Minnesota's Bullion Product Dealers Act, Minn. Stat. 80G.01 *et seq.* declared unconstitutional as violating the dormant Commerce Clause. In the District Court, Appellants moved for summary judgment on their claims. The District Court granted Appellants motion only in part but denied the remainder of the motion. Appellants appealed the denial in part of the summary judgment motion. On this appeal, this Court reversed the District Court's denial in part of Appellants' summary judgment motion finding that the remaining provisions of Minnesota's Bullion Product Dealers Act also violated the dormant commerce clause. Thus, Appellants completely prevailed on their claims.

Appellants are prevailing parties under §1988, are thus entitled to attorney fees and expenses, and hereby move this Court for attorney fees and expense related to their appeal of the District Court's judgment in the above-captioned appeal.

**B.      This Court's Decision, Based on the Commerce Clause Under Section 1983, Authorizes This Court Awarding Attorney Fee.**

The Supreme Court, in *Dennis v. Higgins*, noted that a plaintiff may bring a claim asserting Commerce Clause theories under Section 1983. 498 U.S. 439, 445

3

(1991). The Eighth Circuit has stated that attorneys' fees may be recovered under 42 U.S.C. §1988 when a plaintiff succeeds on such a claim. *Pioneer Military Lending, Inc. v. Manning*, 2 F.3d 280, 285 n.4 (8th Cir. 1993). Therefore, because this Court reversed the District Court on Appellants' Commerce Clause claim, Appellants are entitled to seek attorney fees and non-taxable costs under §1988.

### C. Appellants Are Completely Prevailing Parties in Their Appeal to This Court Because This Court Granted Appellants The Relief Sought in the Complaint.

Under 42 U.S.C. §1988(b), the Court may allow reasonable attorney's fees to a party that prevails in an action to enforce §1983. According to the U.S. Supreme Court, "plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *North Dakota v. Heydinger*, 11-CV-3232 (SRN/SER), 2016 WL 5661926, at *7 (D. Minn. Sept. 29, 2016), *aff'd sub nom. North Dakota v. Lange*, 900 F.3d 565 (8th Cir. 2018) quoting *Farrar v. Hobby,* 506 U.S. 103, 109 (1992) (citation and internal quotation marks omitted). In *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dept. of Health & Human Res.*, 532 U.S. 598, 603 (2001), the Supreme Court further opined that a "'prevailing party' is one who has been awarded some relief by the court." Elaborating on this standard, the Court held that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the

4

parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* at 111-12. Under *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012), a party prevails under §1988 even if only awarded declaratory or injunctive relief and no damages. *See Libertarian Party of Ark. v. Martin*, 876 F.3d 948, 952 (8th Cir. 2017) (plaintiff was a prevailing party because district court "awarded it declaratory relief and deemed the statutory scheme unconstitutional"); *Bishop v. Comm. on Prof'l Ethics & Conduct of the Iowa State Bar Ass'n*, 686 F.2d 1278, 1290-91 (8th Cir. 1982) (plaintiff was a prevailing party because it obtained declaratory and injunctive relief, even though the case was later rendered moot); *Rogers Group, Inc. v. City of Fayetteville*, 683 F.3d 903, 911 (8th Cir. 2012) (finding plaintiff was a prevailing party because it obtained a preliminary injunction which blocked the defendant from enforcing the challenged ordinance and thus altered the relationship between the parties).

Appellants here are completely prevailing parties under 42 U.S.C. §1988 because this Court reversed the district court judgment from which Appellants appealed and because this Court resolved the first issue on appeal (the extraterritoriality issue) in Appellants' favor and thus rendered uncessary resolution of the one other issue on appeal (the excessive-burden issue) moot. More specifically, this Court held Minn. Stat. §§80G.02, subd. 1, 80G.06 violated the dormant Commerce Clause. Those sections, along with Minn. Stat. §80G.07,

5

which was already struck down by the district court's summary judgment order, constitute Minn. Stat. 80G.01 *et seq.'s* extraterritorial provisions.

Finally, under §1988, "[a] district court's discretion to deny attorneys' fees to a prevailing plaintiff [in a §1983 action] is narrow. Prevailing plaintiffs should ordinarily recover fees unless special circumstances would make such an award unjust." *Jenkins v. Missouri*, 127 F.3d. 709, 716 (8th Cir. 1997). The Eighth Circuit has held that the exceptions to awarding fees "should be narrowly construed" and has not delineated any "special circumstances" that would warrant a denial of fees in this case. *Peter v. Jax*, 187 F.3d 829, 837 (8th Cir. 1999). Only "[a] strong showing of special circumstances [can] support a denial of attorney fees." *Hatfield v. Hayes*, 877 F.2d 717, 720 (8th Cir. 1989) (quotation omitted). Respondent cannot make this difficult showing here.

**D.    Appellants' Fee Application is Reasonable**.

The "centerpiece of [calculating] attorney fee awards" is the lodestar approach. *Blanchard v. Bergeron*, 109 S.Ct. 939, 945 (1989). The starting point in determining a "reasonable fee" under the lodestar analysis is calculating "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation is presumed to be reasonable. *City of Riverside v. Santos, Rivera*, 477 U.S. 561, 568 (1986).

6

This Court has held that it should start its analysis in assessing attorney fees by determining the lodestar, which is "calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir.2002). Nonetheless, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry." *Hensley*, 461 U.S. at 434. A court must take other factors into consideration, including the important factor of the results obtained in light of the plaintiff's litigation objectives. *Id.* Consideration of such factors may lead a court to adjust the fee upward or downward from the lodestar figure. *Id.* at 434-35. However, the most important factor in determining the reasonableness of the attorney fee request is the magnitude of plaintiff's success:

> The most important factor in determining what is a reasonable fee is the magnitude of the plaintiff's success in the case as a whole. *See, Hensley,* 461 U.S. at 436; *Farrar v. Hobby,* 506 U.S. at 114, 113 S.Ct. at 574-75. If the plaintiff has won excellent results, he is entitled to a fully compensatory fee award, which will normally include time spent on related matters on which he did not win. *See Hensley,* 461 U.S. at 435, 103 S.Ct. at 1940."

*Jenkins v. Missouri*, 127 F.3d. 709, 716 (8th Cir. 1997).

Finally, the Supreme Court and this Court have specifically held that in order to compensate the attorneys for lost interest as well as the effects of inflation, courts should use the ***current*** prevailing market rate rather than the historical market rate in the lodestar calculation. *Missouri v. Jenkins*, 491 U.S. 274, 282-84 (1989).

7

Appellants seek a total amount of $124,630 in attorney's fees for work directly related to this appeal. As reflected in the Kaardal Declaration, the amount is based upon 293.50 hours of work performed by attorney Erick G. Kaardal and legal assistants (paralegals) Jordan Reilly and John E. Grzybek:

| Name of the Attorney/Paralegal | Amount of Hours | Total Fees |
|---|---|---|
| Erick G. Kaardal | 132.40 | $82,750.00 |
| John E. Grzybek (paralegal) | 34.50 | $8,964.00 |
| Jordan Reilly (paralegal) | 126.60 | $32,916.00 |
| **Total for Appeal** | 293.50 | $124,630.00 |

### 1. Reasonable Hourly Rate.

Calculating reasonable fees under the §1988 lodestar analysis to determine hourly rates is based on the "prevailing market rates in the relevant community," *Blum v. Stenson*, 465 U.S. 886, 895 (1984), and not the prevailing attorney's regularly hour billing rate, *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988); *Moysis v. DTG Datanet*, 278 F.3d 819, 828 (8th Cir. 2002) (finding that a counsel's customary rate might be some evidence of a reasonable rate, but was not controlling, and raising attorney's regular hourly rate 50% greater to meet then comparable prevailing market rates).

Appellate Case: 21-2936     Page: 8     Date Filed: 09/14/2022 Entry ID: 5198413

The importance of awarding attorney fees that are competitive in the prevailing market in civil rights cases is embodied in this Court's holding that the amount of the reasonable fee in First Amendment civil rights litigation is not "a fee that is sufficient to induce a capable attorney to undertake child's play: 'It is intended that the amount of fees awarded under [42 U.S.C.] §1988 be governed by the same standards which prevail in other types of equally complex Federal litigation, such as antitrust cases ....'" *Casey v. City of Cabool*, 12 F.3d 799 at 805 (8th Cir. 1993) (quoting S. Rep. No. 1011, 94th Cong., 2nd Sess. 5 (1976)) (Amendment of 42 U.S.C. §1988).

The best guidance for the Court to calculate a reasonable fee award is to determine the "prevailing market rate," through satisfactory evidence in addition to the attorney's own affidavits with those by lawyers with comparable skill, experience, and reputation. *Blum*, 465 U.S. at 896.

When the attorney seeking fees has carried the burden of establishing the claimed hourly rate and hours are reasonable, the end product is presumed to be the fee contemplated under 42 U.S. C. § 1988. *Id.* at 897. Further, legal assistant (paralegal) time is recoverable at prevailing market rates. *Jenkins*, 491 U.S. at 285-88.

Appellants seek reimbursement for the work of three attorneys and one paralegal as set forth in the table below:

9

| Attorney/Paralegal | Law School Graduation | Years Practicing | Prevailing Market Hourly Rate |
|---|---|---|---|
| Erick G. Kaardal | 1992 | 30 years | $625.00 |
| Jordan Reilly – paralegal | 2008 | 8 years | $260.00 |
| John E. Grzybek – paralegal | 1989 | 35 years | $260.00 |

*See, Kaardal Declaration ¶¶9, 13-14.*

The rates requested for the individual attorneys are reasonable. Most relevant to the Mr. Kaardal's hourly rates, a U.S. District Court for the District of Minnesota decision entered nine days prior to the filing of this application on an attorney fee motion approved hourly rates at $640 for attorneys with *less* experience similar to Mr. Kaardal. *See, Lee Michael Pederson, v. Harvey Kesner, Barry Honig, Steven Rubin, Jane Hsiao, Brian Keller, Opko Health, Inc., and Michael Brauser*, File No. 21-cv-02256 (ECT/DTS) (Filed 09/06/2022) *attached to the Kaardal Declaration as Exhibit 4.* At page 8 of *Pederson,* the Court found "Defendants have submitted adequate evidence and information to show that their Minneapolis attorneys' rates are reasonable. See Third Dixon Decl. ¶¶ 4–5." Minneapolis attorney Joseph Dixon submitted his Third Declaration seeking a reasonable hourly rate of $640 per hour for his time. *See, Kaardal Declaration, Exhibit 5.* Joseph Dixon graduated from law school in 1995 and was first admitted to a bar in 1997. *See, Kaardal Declaration, Exhibit 6.* In other words, from bar

10

admission, Joseph Dixon has three years less experience than Mr. Kaardal and from law school graduation five years less experience than Mr. Kaardal. Finally, *Pederson* did not involve complex constitutional issues as the above captioned action.

Mr. Kaardal was lead counsel (along with his partner William F. Mohrman) in *Minnesota Voters All. v. Mansky*, 138 S. Ct. 1876, 1880 (2018), a 42 U.S.C. §1983 First Amendment free speech case in which the firm obtained a 7-2 decision from the Supreme Court striking down Minn. Stat. §211B.11. In *Mansky,* Mr. Mohrman and Mr. Kaardal successfully petitioned the Eighth Circuit for an award of attorney fees and costs of $419,498.62 based on a motion filed on August 27, 2018. *See, Eighth Circuit Order attached to the Kaardal Declaration as Exhibit 7.* In the application to the Eighth Circuit, Mr. Kaardal sought a reasonable hourly rate of $525 and Mr. Grzybek sought a reasonable hourly rate of $225. None of the Defendants objected to the hourly rates of Mr. Kaardal and Mr. Grzybek in *Mansky* and the Eighth Circuit implicitly approved these rates. The Eighth Circuit awarded Mohrman, Kaardal & Erickson, P.A. $411,895.45 - only a 1.81% reduction of the amount sought. *See, Kaardal Declaration ¶19.*

Mr. Kaardal's legal experience and acumen has advanced in the past four years and the prevailing market rate has risen commensurately. *See, Kaardal Declaration ¶¶11-12, 16-18, 22, 24-26.*

Appellate Case: 21-2936   Page: 11   Date Filed: 09/14/2022 Entry ID: 5198413

As further support of the reasonable hourly rates, as detailed in the Kaardal Declaration, ten years ago in *Owner Operator Indep. Drivers Ass'n, Inc. v. Supervalu, Inc.*, CIV. 05-2809 (JRT/JJG), 2012 WL 6760098 (D. Minn. 2012), the Court opined that "rates as high as $600 per hour for senior, experienced attorneys have recently been approved by the courts of Minnesota." *Owner Operator Indep. Drivers Ass'n, Inc.*, at *7. *See, Kaardal Declaration, Exhibit 8.*

Judge Donovan Frank approved a reasonable hourly rate of $600 per hour for a local Minneapolis attorney with the similar years of experience as Mr. Kaardal – **in 2011**. *Madison v. Willis*, CIV. 09-930 DWF/AJB, 2011 WL 851479 (D. Minn. Mar. 9, 2011). *Madison v. Willis is attached to the Kaardal Declaration, Exhibit 9*.

Three years ago, the Minnesota District Court approved an hourly rate of $650 per hour for a senior attorney. *In re RFC*, 399 F. Supp. 3d 827, 848 (D. Minn. 2019). *See, Kaardal Declaration, Exhibit 10.*

At the conclusion of a recent class action in Hennepin County District Court, *Flores, et al v. Zorbalas, et al*, Case No. 27-CV-16-14225, the plaintiffs' attorneys, Faegre Baker Daniels, moved for an award of attorney fees based on Defendants breaching a settlement agreement. Faegre filed a declaration from attorney Michael Cockson setting forth the hourly rates Faegre argued were reasonable in its lodestar fee motion. Mr. Cockson, with 22 years of experience, sought a rate of

12

$760 per hour.  Mr. James Volling, with 42 years of experience, sought $935 per hour.  Mr. Nicholas Zylstra, with 18 years of experience, sought $570 per hour. Faegre also sought $300 per hour for "research assistants" – i.e, paralegals.  *See Kaardal Declaration at Exhibit 11*.  The District Court approved these hourly rates.  *See Kaardal Declaration at Exhibit 12*.

More recently, the Minnesota District Court recently approved reasonable hourly rates of $650 per hour for an associate attorney with only six years of experience.  *Bollom v. Brunswick Corp.*, CV 18-3105 (MJD/HB), 2021 WL 1195739, at *4 (D. Minn. Mar. 30, 2021).  *See Kaardal Declaration at Exhibit 13*.

Finally, the Minnesota District Court approved a reasonable hourly rate for Mr. Kaardal at $550 per hour based on an attorney fee motion filed over two years ago on May 22, 2020. *Minnesota Voters All. v. City of Saint Paul*, 19-CV-0358 (WMW/HB), 2021 WL 1100901, at *2–3 (D. Minn. Mar. 23, 2021).  *See Kaardal Declaration at Exhibit 14*.

Thus, based on these decisions set forth above, Mr. Kaardal's requested rate of $625 per hour with 30 years of experience fits comfortably within the rates recently approved by this Court, the U.S. District Court for the District of Minnesota and Minnesota State Courts.  Moreover, these rates represent an annual increase of only 4.50% from the rates the Eighth Circuit approved in *Mansky* based on a fee application filed over four years ago. Since that time, a survey conducted

13

by the *American Lawyer* found that billing rates increased by an average of 4.9% in 2020. *See, "Attorney at Work" post referencing the 2020 Clio Survey attached to the Kaardal Declaration as Exhibit 15.*

Moreover, Plaintiffs are seeking a $260 per hour reasonable hourly rate for its paralegal Mr. John Grzybek. Mr. Grzybek began his career as a paralegal at Faegre & Benson in 1979 and has worked as a paralegal for over 29 years. In addition, Mr. Grzybek graduated from the University of Vermont Law School in 1989 and practiced law as an attorney for approximately 10 years. The U.S. District Court for the District of Minnesota approved an hourly rate of $215 per hour for a paralegal for work six years ago in 2012 with only 30 years of experience *of solely paralegal experience*. *Ewald v. Royal Norwegian Embassy*, 11-CV-2116 SRN/SER, 2015 WL 1746375, at *6 (D. Minn. Apr. 13, 2015). *See, Kaardal Declaration at Exhibit 16.* Increasing the hourly rate in 2012 from $215 per hour to $260 is an 20.19% increase over ten years or an annual increase of 2.01%. Moreover, as set forth above, Mohrman, Kaardal & Erickson sought $225 per hour for Mr. Grzybek in the *Mansky* case and defendants in that case did not object to, and the Eighth Circuit did not reduce, this hourly rate in its Order and, based on the amount the Eighth Circuit awarded, the Eighth Circuit awarded this hourly rate. Furthermore, in the *Flores* case cited above, Faegre sought $300 per hour for "research librarians" and the Court found this amount reasonable.

Appellate Case: 21-2936   Page: 14   Date Filed: 09/14/2022 Entry ID: 5198413

Finally, this Court in *Minnesota Voters All.* approved Mr. Gryzbek at a $230 per hour rate on an attorney fee motion filed over 30 months ago. Increasing the hourly rate for Mr. Grzybek from $230 to $260 represents a 4.9% annual increase from rates approved by the Minnesota District Court 30 months ago. A $260 per hour rate for Mr. Grzybek is a reasonable hourly rate. *See Kaardal Declaration at ¶¶14; 27.*

Appellants are also seeking a $260 per hour reasonable hourly rate for paralegal Mr. Reilly. Mr. Reilly graduated from the University of Minnesota Law School in 2004 and practiced law as a licensed attorney in Iowa for approximately 10 years. After a hiatus in seeking a PhD degree in political science from Duke University, Mr. Reilly joined Mohrman, Kaardal & Erickson, P.A. as a paralegal in 2017. A $260 per hour rate for Mr. Reilly is a reasonable hourly rate. *See Kaardal Declaration at ¶¶13; 27.*

Finally, Appellants' attorney fee motion is also supported by the Declaration of Mr. Steven R. Kluz, a prominent attorney in private practice in the Minneapolis market with comparable skill and experience. Mr. Seaton has 23 years of experience in the Minneapolis/St. Paul market billing and collecting hourly attorney fees from clients. Mr. Kluz is currently a partner at Kluz Evan, LLC, a law firm in Minneapolis Mr. Luz founded. Mr. Kluz testifies, based on his own specific knowledge and experience not only with his own law firm's

15

rates but also the hourly rates of competing law firms in the Minneapolis market,

that the hourly rates Appellants request for their attorneys set forth in the table

above are well within the range of *current* market rates in Minneapolis for

specialized litigation including complex civil rights litigation such as Appellants'

case before the Eighth Circuit. In addition, Mr. Kluz testifies that he is familiar

with the work of some or all of the attorneys in the case and their reputation in

the Minneapolis market and, based on this knowledge, the rates requested above

are reasonable for the attorneys based on their skill and reputation. Finally, Mr.

Kluz testifies to the complex nature of such litigation.

Appellants' attorney's hourly rates should be approved as the prevailing

market rate for §1983 work in the Minneapolis area.

## 2. Reasonable Amount of Hours Expended.

The second step of the lodestar analysis is to determine the number of hours

reasonably expended on the matter. The burden is on the applicant to present to

the Court "evidence of the hours worked" "identifying the general subject matter

of his time expenditures." *Hensley*, 461 U.S. at 433, 437 n. 2. However, the

attorney "is not required to record in great detail how each minute of his time was

expended." *Id.* at 437 n. 2. The key is that the attorney submitting the fee request

is to exercise "billing judgment" to exclude hours that are "excessive, redundant or

otherwise unnecessary." *Id.* at 434.

Appellate Case: 21-2936    Page: 16    Date Filed: 09/14/2022 Entry ID: 5198413

As set forth in the Kaardal Declaration, Mr. Kaardal went through the entire billing history report of 169 time entries for Mohrman, Kaardal & Erickson's work on this appeal and reviewed every time entry to determine if the time charged was "excessive, redundant, [duplicative] or otherwise unnecessary." *See, Kaardal Declaration ¶¶32-35*. To begin, every attorney and paralegal at MKE is expected to make contemporaneous time entries for the work that they perform each day and exercise billing judgment at that time to reduce or eliminate time entries which would be "excessive, redundant, [duplicative] or otherwise unnecessary." *See, Kaardal Declaration ¶¶28; 33*. Consistent with Mohrman, Kaardal & Erickson's billing practices, each of the attorneys and paralegals who performed work on these appeals recorded their time contemporaneously on the day the work was performed. *See, Kaardal Declaration ¶28; 33*.

Second, Appellants' attorneys engaged in no "block billing" and billed in 1/10th of an hour increments. *See, Billing History Report attached to the Kaardal Declaration as Exhibit 1.*

Third, if Mr. Kaardal believed that if an entire time entry recorded by an attorney was "excessive, redundant, [duplicative] or otherwise unnecessary", Mr. Kaardal reduced time entries throughout the Billing History Report if Mr. Kaardal believed, in the exercise of billing judgment, that *some* the amount of the time incurred for the work performed was either "excessive, redundant, [duplicative] or

17

otherwise unnecessary." With respect to those entries, Mr. Kaardal reduced the time incurred on each slip in the software as "Do Not Bill Time." For instance, if an attorney spent 5.6 hours drafting a section of a brief and Mr. Kaardal concluded that only 3.6 hours should have been spent drafting that section of the brief, Mr. Kaardal would mark "2.0" hours in the "Do Not Bill Time" section of the timeslip. This would result in the time slip now showing 3.6 hours in billable time on the Billing History Report which is attached to the Kaardal Declaration as Exhibit 1. As a result of these reductions, Mr. Kaardal reduced 18.30 hours for a total of $7,668 in attorney fee charges reductions. It is important to note that these $7,668 in time reductions ***are not*** included in the $124,630.00 in total attorney fees sought in this case for the appellate work – the reductions are already incorporated into the Billing History Report attached as Exhibit 1 to the Kaardal Declaration. *See, Kaardal Declaration ¶32.*

In addition to the general law on the reasonableness of the hours expended, a few additional points are worth noting. The greatest area of concern in exercising billing judgment on §1988 requests is for the attorney to remove time entries spent on claims for which the party did not prevail. *Hensley*, 461 U.S. at 433, 437 n. 2. However, in this case, Appellants prevailed on all of their claims.

The Courts have also identified several other factors in determining the reasonableness of a §1988 attorney fee application. To begin, this Court has held

18

that a factor in examining the amount of time expended in a First Amendment case is whether the case will benefit the public generally. *Jaquette v. Black Hawk County, Iowa*, 710 F.2d 455, 461 (8th Cir. 1983). There is no question that Appellants' case will benefit the public generally because the Statet of Minnesota is prohibited from applying its laws outside the State of Minnesota. The *Jacquette* Court also noted that an appraisal that the time spent by plaintiff's counsel was "not reasonably expended turns on so many subjective factors that it seldom should be the basis for a reduction of an attorneys fee." *Jaquette*, 710 F.2d at 461.

Moreover, the Supreme Court has also noted that a defendant's objections will not be heard if the defendant put forth a vigorous defense to the claims in the matter. *City of Riverside v. Rivera*, 477 U.S. 561, 580 n. 11 (1986). In this case, Respondent vigorously fought every step of this litigation and in fact was successful in the District Court thereby necessitating this Court to reverse the District Court's decision.

Because of the legal and factual complexity of civil rights litigation, courts also understand that extensive legal research is necessary in order that the client's case can be properly prepared. *Tomazzoli v. Sheedy*, 804 F.2d 93, 97-98 n.5 (7th Cir. 1986). This factor is particularly relevant here. As set forth above, this appeal involved a significant issue of first impression regarding the dormant commerce clause and extraterritoriality.

19

In this case, Appellants are claiming 293.50 hours in attorney time reasonably expended. *Kaardal Declaration ¶34.* Mr. Kaardal reviewed the time records in preparing this Motion in order to remove time which was excessive or duplicative. *Kaardal Declaration ¶¶32-34.* The amount of time reduced from the records totals 18.30 hours in time for a total of $7,668 in charges. *Kaardal Declaration ¶32.*

Appellants anticipate that the Respondent will argue that the amount of time spent researching various issues was excessive. Appellants will again point out that this was a significant case of first impression with nationwide significance. Furthermore, as detailed in the briefs Appellants submitted to this Court, this case involved very complex analysis of the extraterritoriality of provisions of the Minnesota's Bullion Product Dealers Act, Minn. Stat. §80G.01 *et seq.* as well as the other claims Appellants asserted which the Court found moot.

These factors demonstrate that Appellants' attorney hours should be approved as set forth in the Billing History Reports attached to the Kaardal Declaration.

### 3. Fees and Expenses Incurred to Prepare Appellants' Taxation of Costs and Attorney Fee Motion.

Appellants obviously had to prepare this Motion for Attorney Fees and Notice of Taxation of Costs. Attached to the Kaardal Declaration as Exhibit 2 is the Billing History Report for the attorney time and expenses for preparing this

20

motion. Once again, as Mr. Kaardal testifies, he reviewed the entries and exercised billing judgment. Mr. Kaardal reduced 8.40 in hours totaling $8,498.00 in attorney fees. *See, Kaardal Declaration, ¶¶41-42.* The total amount time sought for reimbursement is 23.90 hours totaling $9,827.50 in charges. Thus, the total amount sought for preparing this attorney fee motion is $9,827.50. *Kaardal Declaration ¶ 42.*

### E.    Appellants' Are Entitled to Non-Taxable Costs.

In addition, Appellants seek recovery of non-taxable costs of $1,591.20 consisting of printing charges in excess of the amount allowed in the Bills of Costs Appellants filed of $929.25, the transcript cost of $156.95 and the filing fee of $505.00 for a total of $1,591.20. *Kaardal Declaration ¶¶36-39 and Exhibits 18-19.*

## <u>CONCLUSION</u>

For the reasons set forth above, Appellants request that the Eighth Circuit grant their Motion for Attorney Fees and Non-Taxable Costs and Expenses in the total amount of $136,048.70 in addition to the $797.80 in costs sought through the Bill of

Costs Appellants filed.

DATED: September 14, 2022

**MOHRMAN, KAARDAL & ERICKSON, P.A.**

*/s/Erick G. Kaardal*
Erick G. Kaardal, MN Atty No. 229647
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
Telephone: 612 341-1074
Facsimile: 612-341-1076
Email: kaardal@mklaw.com
*Attorneys for the Appellants*

22

**No. 21-2936**

# United States Court of Appeals
# for the Eighth Circuit

---

Thomas John Styczinski, Tom "The Coin Guy", LLC, Treasure Island Coins, Inc., and Numismatist United Legal Defense,

                                          Plaintiffs–
Appellants,

                               v.

Grace Arnold, in her official capacity as Commissioner of the Minnesota Department of Commerce,

                                     Defendant–
Appellee.

---

On Appeal from the United States District Court
for the District of Minnesota

District Court No. 0:20−cv−02019−NEB−BRT

---

## APPELLANTS' CERTIFICATE OF COMPLIANCE

---

1. I certify that I am a current member of this Bar in good standing.

2. Appellants' Motion for Attorney Fees and Non-Taxed Costs and Expenses complies with the length limits under Fed. R. App. P. 27(2)(d)(2)(A) of 5,200 words:

☑    Appellants' Motion for Attorney Fees and Non-Taxed Costs and Expenses contains 4,673 words.

Appellate Case: 21-2936    Page: 23    Date Filed: 09/14/2022 Entry ID: 5198413

3. Appellants' Motion for Attorney Fees and Non-Taxed Costs and Expenses complies with the typeface and type styles requirements of Fed. R. App. P. 27(2)(E):

☑    This document has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

Dated:  September 14, 2022        <u>/s/ *Erick G. Kaardal*</u>
                                Erick G. Kaardal

2